# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID LEE CRUMBY,**

    **Plaintiff,**

**v.**                                     **Civil Action No. 1:09cv3**
                                            **(Judge Keeley)**

**DUMA DeBOO, Warden,**
    **Defendant..**

## REPORT AND RECOMMENDATION

On January 9, 2009, the plaintiff filed a Complaint/Motion for Emergency Judicial Intervention and/or Preliminary Injunction. On January 27, 2009, the plaintiff filed a Motion for Leave to Proceed *in forma pauperis* and a Consent to Collection of Fees from Trust Account. On February 2, 2009, the plaintiff filed his Prisoner Trust Account Report. On February 3, 2009, the plaintiff was granted leave to proceed *in forma pauperis*, and on February 19, 2009, the plaintiff paid the required initial partial filing fee.

In his pleading, the plaintiff alleges that his life and safety are in grave jeopardy at FCI Gilmer. More specifically, the plaintiff alleges that he testified in a federal murder trail in 1993 and 1994. The plaintiff claims that as a result of his testimony, there is a $5,000 contract on his life. Accordingly, the plaintiff alleges that he needs to be in protective custody, and apparently, in a facility without white supremacy groups. Accordingly, the plaintiff requests that this court order the defendant to transfer him immediately to Butner, North Carolina or another suitable facility conducive to his security needs.

## I. ANALYSIS

The standard for preliminary injunctions in the Fourth Circuit is established by <u>Blackwelder Furniture Co. v. Seilig Mfg. Co.</u>, 550 F.2d 189 (4th Cir. 1977). Four factors must be considered:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

(2) the likelihood of harm to the defendant if the requested relief is granted,

(3) the likelihood that the plaintiff will succeed on the merits, and

(4) the public interest.

Direx Israel, Ltd v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). The "[p]laintiff bears the burden of establishing that each of these factors supports granting the injunction." Id. (citation omitted).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. Id. The required harm "must be neither remote nor speculative, but actual and imminent." Id. (citations and internal quotation omitted). If such harm is demonstrated, the court must balance the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. Id. (citation omitted). If the balance of those two factors "'tips decidedly' in favor of the plaintiff, a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991) (citations omitted). However, "[a]s the balance tips away from the plaintiff, a stronger showing on the merits is required." Id. (citation omitted).

Upon review of the plaintiff's complaint, motion, it is clear that even if the plaintiff could satisfy the first two factors, there is no likelihood that he can succeed on the merits. Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under

2

42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[1] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

In addition, although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005). If the failure to exhaust is apparent from the face of the complaint, the court has the authority under to 28 U.S.C. § 1915 to dismiss the case *sua sponte*. Id. at 682.

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response. An inmate

---

[1] Id.

is not deemed to have exhausted her administrative remedies until he has filed his complaint at all levels. 28 C.F.R.§ 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

Here, it is patently clear that the plaintiff could not have exhausted his administrative remedies prior to filing his complaint with this court. The plaintiff was not transferred to FCI Gilmer until November 25, 2008 and it is clear that he could not have filed at each level and received a final response from the Office of General Counsel before January 5, 2009, the date he signed the complaint/motion in this matter.[2] Accordingly, it is clear from the face of the complaint that the plaintiff could not have exhausted his administrative remedies, and *sua sponte* dismissal is warranted.

Furthermore, 18 U.S.C. §3621(b) provides that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate..." Moreover, the

---

[2]As noted by the plaintiff, he has a Bivens action pending in the United States District Court for the Middle District of Pennsylvania in which he seeks verification as a protective custody inmate to be housed and transported separately from all white supremacy groups and seeks nominal and punitive damages for an alleged assault that took place on a bus trip. A review of the pleadings in that case establishes the typical time frame for exhaustion of administrative remedies. In that case, the plaintiff filed administrative remedies stating that he was an informant and requested to be transferred to another facility that did not have any white supremacy groups. His BP-9 was filed on March 20, 2008, and was denied on April 7, 2008. His appeal to the Regional Office was filed on April 28, 2008 and denied on May 28, 2008. His appeal to the Central Office was filed on June 19, 2008, and a reply was entered on August 13, 2008. As is typical, the process took nearly five months to complete. See 3:cv-08-1900, Exhibit 1 to the Brief in support of the Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment.

transfer of a convicted and sentenced inmate is within the sound discretion of the Bureau of Prisons. Meachum v. Fano, 427 U.S. 215 (1976). Accordingly, it is not within this Court's authority to grant the relief requested by the plaintiff.

## IV. RECOMMENDATION.

Based on the foregoing, the undersigned recommends that the plaintiff's Complaint/Motion for Emergency Judicial Intervention and/or Preliminary Injunction be **DENIED** and **DISMISSED**. It is further recommended that the plaintiff's Motion for Immediate Hearing (Dckt. 21) be **DENIED AS MOOT**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene P. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: 6-5-09

/s/ David J. Joel
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE