FILED

NOV 2 4 2009

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID LEE CRUMBY,

Petitioner,

v.  Civil Action No. 1:09cv3
(Judge Keeley)

KUMA DeBOO, Warden,

Defendant.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (dkt. no. 25) AND DISMISSING PLAINTIFF'S MOTION FOR IMMEDIATE HEARING (dkt. no. 21) AND MOTION FOR REVIEW BY UNITED STATES DISTRICT COURT (dkt. no. 23)

On January 9, 2009, the plaintiff, David Lee Crumby ("Crumby"), filed a Complaint/Motion for Emergency Judicial Intervention and/or Preliminary Injunction ("Complaint"). Before Magistrate Judge Joel was able to issue a Report and Recommendation ("R&R") on this matter, however, Crumby filed a motion on April 21, 2009, for an Immediate Hearing, (dkt. no. 21) and on May 27, 2009, a Motion for Review by US District Court Judge Keeley (dkt. no. 23).

On June 5, 2009, Magistrate Judge Joel issued an R&R recommending that Crumby's Complaint be denied and dismissed. Thereafter, on June 10, 2009, Crumby filed a timely response specifying his objections to the R&R. The Court has conducted a de novo review, and now **ADOPTS** Magistrate Judge Joel's R&R in its

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (dkt. no. 25) AND DISMISSING PLAINTIFF'S MOTION FOR IMMEDIATE HEARING (dkt. no. 21) AND MOTION FOR REVIEW BY UNITED STATES DISTRICT COURT (dkt. no. 23)**

entirety. It therefore **DENIES** and **DISMISSES** Crumby's Complaint, and **ORDERS** that Crumby's motions for immediate hearing and motion for review by US District Court be **DISMISSED** as moot.

## I. BACKGROUND

According to Crumby, sometime in 1993 or 1994, he testified in a murder trial which resulted in the conviction of another individual. Crumby alleges that while in prison this individual subsequently joined the Aryan Brotherhood and put out a $5,000 contract to kill him. Crumby claims that, in addition to this contract on his life, three white supremacist inmates attempted to assault him while he was being transported to FCI Allenwood on April 18, 2008.

After that incident, Crumby was transferred to FCI Gilmer, where, since 2008, he has been in the Special Housing Unit ("SHU"), with the exception of a four day period in December. He states that being in the SHU "is not conducive to his mental health or physical well being." (dkt. no. 1, pg. 3). Furthermore, he claims that his life and safety are in jeopardy at FCI Gilmer.

Crumby's Complaint seeks an order that the defendant, Kuma DeBoo, "transfer Plaintiff immediately to Butner, North Carolina or

CRUMBY V. DEBOO                                                  1:09CV3

ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (dkt. no. 25) AND DISMISSING PLAINTIFF'S
MOTION FOR IMMEDIATE HEARING (dkt. no. 21) AND
MOTION FOR REVIEW BY UNITED STATES DISTRICT COURT (dkt. no. 23)

other suitable facility [conducive] to Plaintiff's security needs." (dkt. no. 1, pg. 3).

## II. De Novo Review

Federal Rule of Civil Procedure 72(b)(3) states that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Because Crumby has properly objected to the R&R, this Court will proceed to review these objections de novo.

### A. Exhaustion of Administrative Remedies

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e(a) states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

If the record fails to demonstrate on its face that the prisoner exhausted such remedies, the prisoner's complaint must be dismissed. Brown v. Toombs, 139 F.3d 1102 (6th Cir.), cert. denied, 525 U.S. 833 (1998). A district court must enforce this

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (dkt. no. 25) AND DISMISSING PLAINTIFF'S
MOTION FOR IMMEDIATE HEARING (dkt. no. 21) AND
MOTION FOR REVIEW BY UNITED STATES DISTRICT COURT (dkt. no. 23)**

requirement sua sponte even if it is not raised by the defendant. Id. Because exhaustion is a prerequisite to suit, a defendant must exhaust all available administrative remedies prior to filing a complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002)(citing Booth v. Churner, 532 U.S. 731, 741 (2001)).

The United States Supreme Court has determined that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 524. Accordingly, actions brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and actions brought under 42 U.S.C. §1983, are both subject to the requirement that administrative remedies be exhausted prior to a district court's review of a prisoner suit. Id.

Thus, a prisoner must exhaust his administrative remedies if his action challenges the circumstances of his prison life or conditions. Porter, 534 U.S. at 524 (holding that a state inmate's claim of an alleged beating by a corrections officer must be exhausted). Contrary to Crumby's contentions, the injunction he

ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (dkt. no. 25) AND DISMISSING PLAINTIFF'S
MOTION FOR IMMEDIATE HEARING (dkt. no. 21) AND
MOTION FOR REVIEW BY UNITED STATES DISTRICT COURT (dkt. no. 23)

seeks challenges the conditions of his prison life; the underlying foundation of his suit is a request for enhanced safety within FCI Gilmer. Therefore, exhaustion of his administrative remedies is a prerequisite to this Court's judicial review of his claims.

As to Crumby's second contention, that he has already exhausted the administrative remedies of a similar claim and should not be required to do so again in the present case, the Court need not resolve that matter. As noted by the Six Circuit;

> The question of whether a prisoner is required
> to re-exhaust administrative remedies when the
> only difference in his claims is the type of
> relief sought is a novel one, with dicta from
> the Supreme Court seeming to indicate that he
> is not. See Booth v. Churner, 532 U.S. 731,
> 739, 121 S.Ct. 1819, 149 L. Ed. 2d 958 (2001).

Taylor v. United States, 161 Fed. Appx. 483, n. 3. (6th Cir. 2005) (collecting case). But even if Crumby did not have to exhaust his administrative remedies in this case, as explained supra, his claims would still fail because they do not meet the standard for obtaining a preliminary injunction.

B. Preliminary Injunction

The Supreme Court of the United States explained the relevant test for granting a preliminary injunction in Winter v. Natural

CRUMBY V. DEBOO                                                  1:09CV3

ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (dkt. no. 25) AND DISMISSING PLAINTIFF'S
MOTION FOR IMMEDIATE HEARING (dkt. no. 21) AND
**MOTION FOR REVIEW BY UNITED STATES DISTRICT COURT (dkt. no. 23)**

Resources Defense Council, Inc., 129 S. Ct. 365, 374-76 (2008). A plaintiff must establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." See also Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342 (4th Cir.2009).

Without specifically reviewing the other factors, Crumby's claim for a preliminary injunction clearly fails to satisfy the first factor because the decision to transfer an inmate is wholly within the discretion of the Bureau of Prisons. Meachum v. Fano, 427 U.S. 215 (1976).

**C. Inmate Transfer**

The pertinent statutes relevant to this issue are found at 18 U.S.C. §§ 3621(b) and 4081. Section 3621(b) states,

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted,

CRUMBY V. DEBOO                                                    1:09CV3

ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (dkt. no. 25) AND DISMISSING PLAINTIFF'S
MOTION FOR IMMEDIATE HEARING (dkt. no. 21) AND
MOTION FOR REVIEW BY UNITED STATES DISTRICT COURT (dkt. no. 23)

> that the Bureau determines to be appropriate .
> . ..

Section 4081 states,

> The Federal penal and correctional institutions shall be so planned and limited in size as to facilitate the development of an integrated system which will assure the proper classification and segregation of Federal prisoners according to the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed to such institutions.

These statutes provide the BOP with wide discretion to determine where to house a prisoner, and also to prevent prisoners from challenging their geographic designation within the BOP system. Moody v. Daggett, 429 U.S. 78, 87 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (stating that § 4081 provides the BOP with wide discretion and provides "no legitimate statutory or constitutional entitlement sufficient to invoke due process."); Trowell v. Beeler, 135 Fed. App'x 590, 595 (4th Cir. 2005)(unpublished opinion).[1]

---

[1] Copy of case attached.

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (dkt. no. 25) AND DISMISSING PLAINTIFF'S
MOTION FOR IMMEDIATE HEARING (dkt. no. 21) AND
MOTION FOR REVIEW BY UNITED STATES DISTRICT COURT (dkt. no. 23)**

Furthermore, "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 40 (2002) (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991).

In Hernandez v. Silverman, 2008 U.S. Dist. LEXIS 73347 (D. Neb. 2008)(unpublished),[2] the United States District Court for the District of Nebraska dealt with a problem similar to the one raised here. Specifically, the plaintiff, who was housed in Tecumseh State Correctional Institute, moved for an injunction to be transferred because of, inter alia, "dangers posed by a fellow inmate." Id. at 4. After reviewing whether the prisoner was entitled to preliminary injunctive relief, the Court found that "[b]ecause an inmate has no constitutional right to assignment to any particular prison, there

---

[2]Copy of case attached.

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (dkt. no. 25) AND DISMISSING PLAINTIFF'S MOTION FOR IMMEDIATE HEARING (dkt. no. 21) AND MOTION FOR REVIEW BY UNITED STATES DISTRICT COURT (dkt. no. 23)**

is no probability that Plaintiff will succeed on the merits." Id. at 5.

As was the case in Hernandez, Crumby has no right to assignment to any particular prison, therefore, there is no likelihood he will succeed on the merits of his claim.

As to Crumby's contention that he has a constitutional right to be safe while serving his prison sentence, it appears from his own pleadings that he is being housed in the SHU at FCI Gilmer for his own safety. Crumby's preference for alternative housing arrangements, while understandable, is immaterial. As the statues and case law makes clear, it is wholly within the province and discretion of the Bureau of Prisons to determine where a prisoner will be best kept safe. See 18 U.S.C. §§ 3621(b), and 4081, see also McKune 536 U.S. at 40, Hernandez, 2008 U.S. Dist. LEXIS 73347, *4-5(unpublished). Crumby therefore has failed to meet his burden for a grant of and the Court affirms the Magistrate Judge's recommendation that this motion be denied and dismissed.

### III. Conclusion

For the reasons explained above, the Court **ADOPTS** the Magistrate Judge's R&R, **ORDERS** that Crumby's Complaint/Motion for

ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (dkt. no. 25) AND DISMISSING PLAINTIFF'S
MOTION FOR IMMEDIATE HEARING (dkt. no. 21) AND
MOTION FOR REVIEW BY UNITED STATES DISTRICT COURT (dkt. no. 23)

Emergency Judicial Intervention and/or Preliminary Injunction be **DENIED** and **DISMISSED,** and further **ORDERS** that Crumby's Motions for Immediate Hearing (dkt. no. 21) and Motion for Review by US District Court (dkt. no. 23) be **DENIED AS MOOT.**

The Clerk is directed to mail a copy of this Order and the attached cases to the petitioner.

Dated: November 24, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE